Peter Meyer v. Commissioner. Fifth Avenue Specialties, Inc. v. Commissioner. Peter Meyer, as Transferee of the Assets of Fifth Ave. Specialties, Inc. v. Commissioner.
Meyer v. Commissioner
Docket Nos. 54609-54611.
United States Tax Court
T.C. Memo 1957-166; 1957 Tax Ct. Memo LEXIS 83; 16 T.C.M. (CCH) 732; T.C.M. (RIA) 57166; August 30, 1957
William A. Schmitt, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in income tax and additions to tax under sections 293(b), 294(d)(2) and 294(d)(1)(A), with respect to Peter Meyer, and deficiencies in income, declared value excess profits and excess profits taxes, and additions to tax under sections 293(b) and 291(a) with respect to Fifth Avenue Specialties, Inc. as follows: Docket No. 54609, Peter Meyer Additions to tax under provisions of
Sections
Year
Kind of Tax
Deficiency
293(b)
294(d)(2)
294(d)(1)(A)
1945
Income
$12,442.44
$6,221.22
$1,084.54
$1,807.56
1946
Income
4,826.69
2,413.35
490.13
816.88
*84 Docket No. 54610, Fifth Avenue Specialties, Inc. Additions to tax under provisions of
Sections
Year
Kind of Tax
Deficiency
293(b)
291(a)
1945
Income
$ 2,649.95
$ 1,324.98
1946
Income
1,471.30
735.65
$ 367.83
1945
Declared Value Excess Profits
8,174.56
4,087.28
1945
Excess Profits
36,317.84
18,158.92
9,079.46
Respondent also determined in Docket No. 54611 that the petitioner, Peter Meyer, was liable as transferee of the assets of Fifth Avenue Specialties, Inc., in the total amount of $28,320.21 for deficiencies of the corporation in income, declared value excess profits, and excess profits taxes together with additions to tax to the extent of $27,434.93 for 1945, and for deficiencies of the corporation in income tax and additions to tax to the extent of $885.28 for 1946. Upon respondent's motion, the cases were consolidated for trial. There was no appearance on behalf of petitioners, and no evidence was offered on their behalf. The practical issues for our consideration are whether a part of each of the deficiencies was due to fraud with intent to evade taxes; and whether and to what extent respondent had established *85 transferee liability as to Peter Meyer. Findings of Fact Petitioner Peter Meyer is an individual residing at 277 West End Avenue, New York, New York, who filed his income tax returns for the years 1945 and 1946 with the director (then collector) of internal revenue for the third district, Upper Manhattan, New York. During the taxable years ended December 31, 1945, and 1946, Meyer was a salesman and executive for various enterprises, among them being the Fifth Avenue Specialties, Inc., located at 475 Fifth Avenue, New York, New York, of which, during the taxable years, he was the sole stockholder. For the taxable years 1945 and 1946, Meyer reported net income of $20,094.15 and $17,700, respectively, showing income tax liability of $7,633.25 and $5,272.50, respectively. In the taxable years 1945 and 1946, Meyer, sole stockholder and in complete control of Fifth Avenue Specialties, Inc., received income from said corporation in the amounts of $19,205.42 and $9,114.79, respectively, which he did not report on his income tax returns for said years. Meyer obtained said income by endorsing, cashing, and appropriating to himself the proceeds of checks which belonged to and were income *86 of said corporation. A part of the deficiency of Meyer for each of the taxable years in question was due to fraud with intent to evade taxes. The petitioner Fifth Avenue Specialties, Inc., (hereinafter referred to as the corporation) is a corporation organized under the laws of the State of New York, whose principal offices were at 475 Fifth Avenue, New York, New York, where it was engaged in business during the years in question as a jobber of general merchandise including electrical devices known as hot plates. The corporation filed no excess profits tax return for the taxable year 1945, and no income tax return for the taxable year 1946. It filed what purported to be an income and declared value excess profits tax return for the year 1945, disclosing no income tax or declared value excess profits tax to be due, but the individual who executed said purported return as president of the corporation was not in fact president thereof, and was not an officer thereof. The liability of the corporation for income taxes, declared value excess profits taxes and excess profits taxes for the taxable year 1945 was, respectively, $2,649.95, $8,174.56, and $36,317.84. No part of any of *87 said taxes was reported or paid by the corporation. The liability of the corporation for income taxes for the taxable year 1946 was $1,471.30, no part of which was reported or paid by the corporation. A part of the deficiency of the corporation in income taxes, declared value excess profits taxes, and excess profits taxes for the taxable year 1945, and a part of the deficiency of the corporation in income taxes for the taxable year 1946, was due to fraud with intent to evade taxes. Petitioner Peter Meyer, as Transferee of the Assets of Fifth Ave. Specialties, Inc., (hereinafter referred to as transferee) was the transferee of assets of Fifth Avenue Specialties, Inc., consisting of the proceeds of checks belonging to said corporation which Meyer endorsed, cashed, and appropriated to his own use in the amount of $19,205.42 in the year 1945, and $9,114.79 in the year 1946, or a total of $28,320.21. Opinion This case was not contested. There was no appearance on behalf of any of petitioners, and no evidence was offered on their behalf. In the individual case of Peter Meyer, petitioner has failed to meet the burden of proving error in respondent's determination of deficiencies *88 and additions to tax under sections 294(d)(2) and 294(d)(1)(A). In the case of the corporation, petitioner has failed to meet the burden of proving error in respondent's determination of deficiencies and additions to tax under section 291(a). Accordingly, we sustain respondent with respect to all of the foregoing. On the fraud issues, the burden is upon respondent to establish, by clear and convincing evidence, that a part of each of the deficiencies in issue was due to fraud with intent to evade taxes. We think he has met this burden and that our Findings of Fact in effect dispose of the fraud issues. Meyer appropriated income of the corporation in the amount of $19,205.42 in 1945 and $9,114.79 in 1946, and diverted it to his own use. As sole stockholder, and in full control of the corporation, his knowledge must be imputed to the corporation. Neither he nor the corporation reported any part of the income in question for income tax purposes or paid any tax thereon. Scienter is clear, and the imputation of fraud with intent to evade taxes on the part of Meyer and the corporation is obvious. Since a substantial part of each of the deficiencies is due to such fraud with intent to evade *89 taxes, the respondent is sustained in his determination of additions to tax under section 293(b) with respect to both Meyer and the corporation. In disposing of the question of transferee liability in Docket No. 54611, we call attention to Rule 7(c)(4)(B)4 of the Rules of Practice of this Court, providing, where relevant, as follows: "(c) Form of petition. - * * * "(4) The petition shall contain: * * *
"(B) Numbered paragraph stating: * * *
"4. Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency. Issues in respect of which the burden of proof is by statute placed upon the Commissioner will not be deemed to be raised by the petitioner in the absence of assignments of error in respect thereof. * * *" We therefore confine our discussion to the errors assigned. The first is to the effect that respondent "erroneously determined a deficiency against Fifth Avenue Specialties, Inc., the alleged transferor." Here, however, the burden of proof is upon petitioner. Section 1119(a) of the Internal Revenue Code of 1939. Petitioner has offered no evidence *90 in support of his position, and we have hereinabove held to the contrary. The only other error assigned is to the effect that respondent "erroneously determined that this taxpayer was the transferee of the assets of Fifth Avenue Specialties, Inc., in the sum of $28,320.21." Here, the burden is upon respondent (section 1119(a), supra), but we have affirmatively found as a fact (and petitioner has offered no evidence to the contrary) that petitioner was the transferee of assets of the corporation in the amount of $19,205.42 in the year 1945, and $9,114.79 in the year 1946 totalling $28,320.21, the precise figure referred to in the assignment of error. Since respondent has met his burden, while petitioner has failed to meet his own, and since no error has been assigned with respect to any other element or factor involved in the transferee liability, we sustain respondent's determination. Decisions will be entered for the respondent.